**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Rafael Alvarez-Nunez,** | ) | **CASE NO. 4:99 CR 421** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America,** | ) | <u>Order</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon petitioner's Motion to Correct Sentence and Modify Judgment in Accordance to Sentencing Reform Act 1984 and 1987 Federal Sentencing Guidelines, Pursuant to 18 U.S.C. § 3582, *et seq.* (Doc. 273). For the following reasons, the Motion is DENIED.

On December 5, 2000, petitioner was arraigned on a second superceding indictment, plead guilty to count one and was sentenced to a term of imprisonment of 135 months followed by five years of supervised release. Petitioner subsequently filed a Motion to Vacate and Set Aside Illegal Sentence Pursuant to 28 U.S.C. § 2255 which was denied on July 26, 2001.

1

Petitioner now asserts that his sentence should be corrected and modified pursuant to 18 U.S.C. § 3582, *et seq*.

"Section 3582(c)(2) allows a court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Under USSG § 1B1.10, certain amendments are given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c)." *United States v. Jackson*, 108 Fed.Appx. 338, 340 (6th Cir. 2004). *See also United States v. Smith,* 88 Fed. Appx. 71 (6th Cir. 2004) ("A court may reduce a term of imprisonment pursuant to § 3582(c)(2) if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c)(2) are listed at USSG § 1B1.10(c).")

Petitioner asserts that his sentence should be reduced in the wake of *United States v. Booker,* 125 S.Ct. 738 (2005).  However, *Booker*, is not applicable in this case because § 3582(c)(2) authorizes only modification of a sentence as a result of an amendment to the guidelines made retroactive by the Sentencing Commission and is not a means to attack the constitutionality of a sentence.  *United States v. Joseph,* 2005 WL 1038766, *3 (11th Cir. May 4, 2005) and *United States v. Privette*, 2005 WL 995951, *1 (5th Cir. April 29, 2005) ("*Booker* is inapplicable to review of the denial of [petitioner's] § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.")

For these reasons, petitioner's request is without merit.

IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 5/17/05